UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LIFTECH CONSULTANTS INCORPORATED, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG SHIPBUILDING & HEAVY INDUSTRIES, LTD., an entity of none unknown form, SAMSUNG HEAVY INDUSTRIES CO., LTD., and entity of none unknown form, DOES 1 through 5, and each of them,<br><br>Defendants. | Case No:  C 10-2976 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Plaintiff Liftech Consultants Incorporated ("Liftech") filed the instant action seeking indemnity from Defendant Samsung Heavy Industries Co., Ltd. ("Samsung") in state court. Samsung removed the action on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  The parties are presently before the Court on Samsung's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.   **BACKGROUND**

In 1990, Samsung entered into a contract with Liftech, which agreed to provide professional engineering services in connection with the design, construction and sale of certain Low Profile Container Cranes ("Samsung Cranes").  Compl. ¶ 5.  These Cranes were installed by the Port Everglades Authority in Broward County, Florida.  Id.  The

parties' agreement incorporated a separate Limitation of Liability for Professional Services Agreement ("Agreement").  <u>Id.</u> Ex. A.  The Agreement states, in relevant part, that:

> In the event that *litigation* involving Samsung and Liftech concerning the professional services of Liftech is instituted by any party, it shall be handled as follows:
>
> 1. Where the claim is made by Samsung against Liftech, any employee or former employee, for any alleged error, omission or other arising out of Liftech's performance of professional services, all costs of any litigation, including reasonable attorney's fees, but excluding internal personnel costs, shall be recovered by the prevailing party.
>
> 2. *Where the claim is made against Liftech by a third party concerning professional services performed for Samsung, but no claim is made against Samsung, it is agreed that Samsung shall bear all reasonable attorney's fees in defense of Liftech.*
>
> 3. Where the claim is made by a third party against both Samsung and Liftech, Samsung agrees to pay reasonable attorney's fees and court costs for Liftech.  If it is determined later by the court that Liftech is without any responsibility, Sansung agrees to pay Liftech's personnel related costs.

<u>Id.</u> at 5 (emphasis added).[1]

In October 2005, the Samsung Cranes sustained damage as a result of Hurricane Wilma.  Compl. ¶ 6.  Broward County made a "formal claim" against Liftech "for the over $1.0 million it had spent claiming that the expenditure was due to alleged flaws in the design and construction of the Samsung Cranes attributable to Liftech."  <u>Id.</u> ¶ 7.  Liftech advised Samsung several times during 2007 "of the litigation proceedings being pursued by Broward County."  <u>Id.</u>  At the request of Samsung's counsel, Liftech's counsel "advised Samsung of the position being taken by Broward County in its formal claim proceedings against Liftech" and demanded indemnification under the Agreement.  <u>Id.</u>  However, Samsung "stonewalled all efforts by Liftech to obtain indemnity or participation by Samsung in conducting the defense of the litigation by refusing to respond substantively on the merits . . . ."  <u>Id.</u> ¶ 8.  Later, in 2008 and 2009, Liftech had a series of "mediation meetings" with Broward County in which they settled their dispute.  <u>Id.</u> ¶ 9.

---

[1] A copy of the Agreement is attached as an exhibit to the Complaint.

On June 3, 2010, Liftech filed suit in Alameda County Superior Court against Samsung alleging causes of action for (1) express contractual indemnity, (2) implied contractual indemnity and (3) equitable indemnity.[2]  On July 7, 2010, Samsung removed the action on the basis of diversity jurisdiction, and subsequently filed the present motion to dismiss.  Samsung argues that it is not obligated to indemnify Liftech's because its expenses were incurred in connection with mediation, not a lawsuit.  In addition, Samsung seeks dismissal of Liftech's remaining causes of action on the ground that such claims are precluded where, as here, the parties' relationship is governed by an express agreement.  The Court discusses these issues, in turn.

## II. **LEGAL STANDARD**

A Rule 12(b)(6) dismissal for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]"  Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1951 (2009) (quoting Twombly, 550 U.S. at 557).  In deciding a Rule 12(b)(6) motion, the court  "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice[.]"  Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement in the Cloverly Subterranean, Geological Formation, 524 F.3d 1090, 1096 (9th Cir. 2008).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).  If the complaint is dismissed, plaintiff generally should be afforded leave to amend unless it is

---

[2] Liftech also sued Samsung Shipbuilding & Heavy Industries Co., Ltd., which merged into Samsung in 1983.  Therefore, only Samsung is a party-defendant in this action.

1  clear the complaint cannot be saved by amendment.  See Sparling v. Daou, 411 F.3d 1006,
2  1013 (9th Cir. 2005).

## III. DISCUSSION

### A. OVERVIEW OF INDEMNIFICATION PRINCIPLES

"In general, indemnity refers to the obligation resting on one party to make good a loss or damage another party has incurred."  Prince v. Pac. Gas & Elec. Co., 45 Cal.4th 1151, 1157 (2009) (internal quotations and citation omitted).  There are two basic, yet distinct, types of indemnity:  (1) "express indemnity" and (2) "equitable indemnity."  Id.  "Express indemnity refers to an obligation that arises by virtue of express contractual language establishing a duty in one party to save another harmless upon the occurrence of specific circumstances."  Id.  Express indemnity generally is not subject to equitable considerations or a joint legal obligation to the injured party; rather, it is enforced in accordance with the terms of the contracting parties' agreement.  Id. at 1158.  "Unlike express indemnity, traditional equitable indemnity requires no contractual relationship between an indemnitor and an indemnitee."  Prince, 45 Cal.4th at 1158.  Rather, equitable indemnity arises from "the equities of particular circumstances" of the matter.  Id. at 1157. Implied contractual indemnity "is but a form of equitable indemnity" which may arise where "indemnity [is] implied from a contract not specifically mentioning indemnity . . . ." Id.

### B. LEGAL CLAIMS

#### 1. Express Contractual Indemnity

"In general, [an indemnity] agreement is construed under the same rules as govern the interpretation of other contracts."  Crawford v. Weather Shield Mfg., Inc., 44 Cal.4th 541, 552 (2008).  In interpreting such an agreement, effect is to be given to the parties' mutual intent, as ascertained from the contract's language, if it is clear and explicit.  Id.; see Cal.Civ.Code, §§ 1636, 1638, 1639.  "Unless the parties have indicated a special meaning, the contract's words are to be understood in their ordinary and popular sense."  Crawford, 44 Cal.4th at 552; Cal.Civ.Code § 1644.  The contract must be construed as a whole and

interpreted in context so as to give effect to each provision, rather than interpret contractual language in isolation.  See SDC/Pullman Partners v. Tolo Inc., 60 Cal.App.4th 37, 46 (1997) (citing Cal. Civ.Code § 1641).  The interpretation of a contract generally presents a question of law for the court to decide, unless the interpretation turns on the credibility of extrinsic evidence.  Plaza Home Mortg., Inc. v. N. Am. Title Co., Inc., 184 Cal.App.4th 130, 135 (2010).

The issue before the Court is whether Samsung's obligation to indemnify Liftech under the Agreement for defense costs for "litigation" extends to costs incurred as a result of mediation, as opposed to a lawsuit.  The Agreement does not specifically define the meaning of "litigation."  Nonetheless, "[t]he plain and ordinary meaning of terms can be deduced through reference sources, including Black's Law Dictionary and general usage dictionaries."  Greenwood v. CompuCredit Corp., 615 F.3d 1204, 1208 (9th Cir. 2010).  Black Law Dictionary defines "litigation" as follows:  "1. The process of carrying on a *lawsuit* . . . . 2. A *lawsuit* itself . . . ."  Black's Law Dictonary, 386 (9th ed. 2009) (emphasis added).  Here, it is undisputed that Broward County did not file a lawsuit against Liftech, but merely presented it with a claim that was ultimately resolved through mediation.  Compl. ¶¶ 7, 9; id. Ex. B (Pre-Suit Mediation Settlement Memorandum).  The law is clear that a lawsuit does not include alternative dispute resolution, such as mediation.  See SDR Capital Mgmt., Inc. v. Am. Int'l Specialty, 320 F. Supp. 2d 1043, 1047-48 (S.D. Cal. 2004) (finding that "litigation" as used in an insurance contract unambiguously meant a "lawsuit," and therefore, did not include arbitration); see also Greenwood, 615 F.3d at 1208 (holding that plain meaning of statutory reference to "sue" did not encompass "arbitrate").

Liftech argues that the filing of a lawsuit is not a prerequisite for Samsung's indemnity obligations, and that the submission of a "claim" is sufficient.  Pl.'s Opp'n at 4. This contention lacks merit.  The Agreement unequivocally states Samsung's obligation to indemnity Liftech is triggered only "[i]n the event that *litigation* involving Samsung and Liftech concerning the professional services of Liftech . . . ."  Compl. Ex. A. The specific nature of Samsung's obligations to Liftech under the Agreement vary, depending on the

1 nature of "the claim" being asserted in that litigation.  However, the Agreement cannot
2 reasonably be construed to mean that Samsung is contractually required to indemnify
3 Liftech for a "claim" submitted outside of lawsuit.  To interpret the Agreement in that
4 manner would require the Court to ignore the Agreement's reference to litigation, which is
5 contrary to California's rules for interpreting contracts.  See Cal.Civ.Code § 1641 ("The
6 whole of a contract is to be taken together, so as to give effect to every part, if reasonably
7 practicable, each clause helping to interpret the other.").

8   Equally misplaced is Liftech's reliance on California Government Code § 54956.9,
9 which is part of the Brown Act.  The Brown Act "expressly allows a legislative body to
10 consider certain matters in closed session, such as discussions with legal counsel regarding
11 *pending litigation*."  Galbiso v. Orosi Public Utility Dist., 167 Cal.App.4th 1063, 1076
12 (2008) (emphasis added).  Section 54956.9 expressly defines pending "litigation" to include
13 situations where "the legislative body of the local agency has decided to initiate or is
14 deciding whether to initiate litigation."  Cal.Gov.Code § 54956.9(c).  Relying on the
15 foregoing, Liftech argues that Broward County's decision to mediate establishes that
16 "Broward County had commenced litigation against Liftech."  Pl.'s Opp'n at 5.  However,
17 there is nothing in the Agreement which even remotely supports the conclusion that the
18 parties mutually intended to be bound by the Brown Act's statutory definition of pending
19 litigation.[3]  Had the parties intended to deviate from the plain meaning of "litigation" to
20 incorporate provisions of the Brown Act or perhaps some other statute, the parties should
21 have expressly stated as such in the Agreement.  See Vons Cos., Inc. v. U.S. Fire Ins. Co.,
22 78 Cal.App.4th 52, 59 (2000) ("We do not have the power to create for the parties a
23 contract that they did not make and cannot insert language that one party now wishes were
24 there.").

25
26
27
  ---
28   [3] For the same reasons, Liftech's reference to California's litigation privilege, Cal.Civ.Code § 47, fails as well.  See Pl.'s Opp'n at 6.

### 2. Equitable Indemnity Claims

Samsung challenges Liftech's remaining causes of action for implied contractual indemnity and equitable indemnity on the ground that such claims may not lie where there is an express indemnity agreement. Def.'s Mot. at 5. Under California law, where "the parties have expressly contracted with respect to the duty to indemnify, the extent of the duty must be determined from the contract and not by reliance on the independent doctrine of equitable indemnity." Rossmoor Sanitation, Inc. v. Pylon, Inc., 13 Cal.3d 622, 628 (1975). Liftech does not dispute the legal principle cited by Samsung, but instead, contends that it is allowed to allege alternative theories of liability. Pl.'s Opp'n at 6-7.[4] But whether Liftech is permitted to plead alternative theories is inapposite. Rather, the salient question is whether Liftech can state a claim for equitable indemnity (which includes implied contractual indemnity) in view of its allegations, and the documents appended to the Complaint, which establish that an express indemnity agreement governs the parties' relationship. Since there is no dispute that such an agreement exists, and that Liftech is not entitled to indemnification from Samsung thereunder, Liftech is legally precluded from pursuing claims for equitable indemnity. See Maryland Cas. Co. v. Bailey & Sons, Inc., 35 Cal.App.4th 856, 864, 872-73 (1995) (holding that equitable indemnity claims were "barred by the express indemnity provisions in the parties' contracts").

## IV. CONCLUSION

For the reasons stated above, the Court concludes that Liftech has failed to state any viable claims against Samsung. Because no amendment can cure the deficiencies of the Complaint, the Court dismisses Liftech's causes of action with prejudice. Accordingly,

---

[4] Though Liftech cites no legal authority to support its argument, it presumably is relying on Rule 8 of the Federal Rules of Civil procedure, which permits alternative pleading. Fed.R.Civ.P 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."); see also id. 18(a) ("A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party.").

IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss is GRANTED, and the claims alleged in the Complaint are DISMISSED WITH PREJUDICE.

2. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated:  November 1, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge